## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TARAS MAKARENKO,

    Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity; DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, Minneapolis – St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity; MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, in her official capacity; and FNU LNU, Warden of Cibola County Correctional Center, custodian of detainees at the Cibola County Correctional Center, in their official capacity,

    Respondents.

Case No. 1:26-cv-00225-MIS-GBW

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Taras Makarenko's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed January 30, 2026, in the District of Minnesota and transferred to this District on February 2, 2026, Order of Transfer, ECF No. 4. The Court issued the applicable Order to Show Cause, ECF No. 7, on February 2, 2026, which reminded Respondents that "this Court has already decided the issues presented by the Petition and… Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings." Id. at 2-3.

The record reflects that the Clerk's Office served Respondents with the Petition on February 2, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan 28, 2026). ECF No. 6.

Respondents Kristi Noem, Todd M. Lyons, David Easterwood, and Mary De Anda-Ybarra ("Federal Respondents") failed to file a Response to the Petition by February 12, 2026, as required by the Order to Show Cause. Further, Counsel for the Warden of Cibola County Processing Center did not file an appearance in this case.

As such, Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry. Therefore, upon review of the record, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence

that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Taras Makarenko's Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2. Respondents are **ORDER ED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE