**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TARAS MAKARENKO,

  Petitioner,

v.

               Case No. 1:26-cv-00225-MIS-GBW

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; TODD M.
LYONS, Acting Director of Immigration and
Customs Enforcement; DAVID EASTERWOOD,
Field Office Director of Enforcement and Removal
Operations, Minneapolis – St. Paul Field Office,
Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso Field
Office, Immigration and Customs Enforcement;
TODD BLANCHE, Acting U.S. Attorney General;
and WARDEN, Cibola County Correctional Center,
custodian of detainees at the Cibola County
Correctional Center,

  Respondents.

## ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

THIS MATTER is before the Court on Petitioner Taras Makarenko's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("Motion"), ECF No. 10, filed March 5, 2026. The Federal Respondents ("Respondents") filed a Response on April 22, 2026 ("Response"), ECF No. 15, to which Petitioner filed a Reply on May 1, 2026, ECF No. 16. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

## I.    Background

Petitioner is a citizen of Ukraine who entered the United States on August 21, 2014 on an M-1 student visa.  Pet. ¶ 1, ECF No. 2; I-94 Record, ECF No. 2-1.  His visa was valid through August 20, 2015.  Pet. ¶ 2; I-94 Record, ECF No. 2-2.

On August 10, 2015, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal.  Pet. ¶ 4; Form I-589 Application, ECF No. 2-4.  That application remains pending, Pet. ¶ 5; Petitioner holds a valid employment authorization document based on the pending asylum application, id.

On September 24, 2023, Petitioner filed a Form I-281 Application for Temporary Protected Status pursuant to Section 244 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254a.  Pet. ¶ 3.  That application was approved on October 30, 2023, and his protected status was valid through April 19, 2025.  See id.; Form I-797A Notice of Action, ECF No. 2-3.

For more than eleven years, Petitioner has lived peaceably in the United States.  Id. ¶ 6. He has strong ties to the community and is married to a United States citizen.  Id.  Furthermore, he has fully cooperated with the adjudication of his pending asylum claim and "has complied with all requirements imposed by U.S. immigration authorities" regarding his removal proceedings.  Id. ¶¶ 7, 34.  Aside from minor civil parking violations and misdemeanor traffic infractions, Respondent has no criminal history.  Id. ¶ 34.

Nevertheless, on January 6, 2026, United States Immigration and Customs Enforcement ("ICE") officers detained Petitioner without explanation, id. ¶¶ 7-8, and "for no apparent lawful reason[,]" id. ¶ 33.  Petitioner was ultimately transferred to the Cibola County Correctional Center in Milan, New Mexico.  Id. ¶ 9.

On January 30, 2026, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Minnesota, arguing that his detention violated the Due Process Clause of the Fifth Amendment, id. ¶¶ 49-58, and the Administrative Procedure Act, 5 U.S.C. §§702, 706, id. ¶¶ 59-64.

On February 2, 2026, the case was transferred to this District.  ECF No. 5.  The same day, the Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 6.

Also on February 2, 2026, the Court issued an Order to Show Cause instructing Respondents to respond to the Petition and show cause why it should not be granted within ten business days.  ECF No. 7 at 2.  The Court reminded Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here."  Id. (citations omitted).  As such, the Court ordered that "[a]ny response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings." Id. at 3.  Finally, the Court warned: "**If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**"  Id. (emphasis in original).

On February 13, 2026—without having received a response from Respondents—the Court issued an Order granting the Petition.  ECF No. 8.  Therein, the Court found

> that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026).  Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth

Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release.  The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Id. at 2-3.   The same day, the Court entered Final Judgment in favor of Petitioner and against Respondents.  ECF No. 9.  Although the Court failed to wait a full ten business days for Respondents to respond to the Order to Show Cause, they never moved for reconsideration of the Court's Order, or to vacate or set aside its Judgment.

On March 5, 2026, Petitioner filed the instant Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 10.  He seeks a total award of $6,145.35.  Id. at 1.  In support of the Motion, he attached the Sworn Declaration of Taras Makarenko ("Makarenko Decl."), ECF No. 10-1; the Declaration of his attorney, Karen Venice Bryan ("Bryan Decl."), ECF No. 10-2; the billing records of Ms. Bryan and her paralegal, ECF No. 10-3; and other materials supporting the hourly rate requested, see ECF No. 10-4.

Respondents failed to timely respond to the Motion.  Thus, on March 20, 2026, the Court issued an Order granting the Motion and awarding Petitioner the requested amount.  ECF No. 11.

On March 25, 2026, Respondents filed a Motion for Reconsideration and for Extension of Time to respond to the Motion for Attorneys' Fees.  ECF No. 12.  On March 30, 2026, Petitioner filed a Response.  ECF No. 13.  On April 15, 2026, the Court issued an Order granting the Motion for Reconsideration, vacating the Order granting the Motion for Attorneys' Fees, reinstating the Motion, and providing Respondents an extension to respond.  ECF No. 14.

On April 22, 2026, Respondents filed their Response, ECF No. 15, to which Petitioner filed a Reply, ECF No. 16.

## II.    Legal Standard

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." Daley v. Ceja, 158 F.4th 1152, 1166 (10th Cir. 2025).  To be eligible for an EAJA fee award, an individual cannot have a net worth exceeding $2,000,000 at the time the civil action is filed, 28 U.S.C. § 2412(d)(2)(B), and must file the application for attorneys' fees within thirty days of final judgment, 28 U.S.C. § 2412(d)(1)(B).  If the individual meets the eligibility requirements, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."  Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  The petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award.  28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 414 (2004).  The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust.  See Hackett, 475 F.3d at 1170; Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 81-82 (2d Cir. 2009); Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir. 1991).

## III.    Discussion

Having been granted habeas relief, Petitioner now seeks an award of attorneys' fees and costs under the EAJA.  Mot. at 17.  Respondents argue that the Motion should be denied because Respondents' position was substantially justified, ECF No. 15 at 2-4, and special circumstances would render a fee award unjust, id. at 4-5.  However, they did not contest the amount of attorneys' fees and costs requested.  See generally id. at 1-4.

Because Petitioner timely filed his Motion and is otherwise eligible for a fee award under the EAJA, and because the Government failed to carry its burden of showing (1) that its position

5

was substantially justified and (2) special circumstances would render a fee award unjust, the Court will grant Petitioner's motion.

### a.      Eligibility

First, to be eligible for an award of attorneys' fees under the EAJA, an individual cannot have a net worth in excess of $2,000,000 at the time the civil action was filed.  28 U.S.C. § 2412(d)(2)(B)(i).  Petitioner's Declaration states that he satisfies this requirement, Makarenko Decl. ¶ 3, and Respondents do not dispute that assertion.  Accordingly, the Court finds that Petitioner is eligible for an award of attorneys' fees under the EAJA because he does not have a net worth above the statutory limit.

### b.      Prevailing party

Next, Petitioner argues that he is a prevailing party for purposes of the EAJA because this Court granted him the relief sought in his Petition for Writ of Habeas Corpus and ordered his immediate release from detention.  Mot. at 3-4.  Respondents do not substantively dispute Petitioner's argument; however, in a section of their Response titled "Special Circumstances Weigh Against EAJA Fee Award[,]" they state, ipse dixit, that "ultimately there has been no material change in the relationship between the parties."  Resp. at 4.

A party is a "prevailing party" under the EAJA when he secures a "judicially sanctioned [material] change in the legal relationship of the parties."  Al-Maleki v. Holder, 558 F.3d 1200, 1204, 1205 (10th Cir. 2009) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 605 (2001)).

The Court finds that Petitioner is a prevailing party for purposes of the EAJA.  Having granted the Petition, declared Petitioner's detention unlawful, and ordered his release, the Court's Order and resulting judgment led to a "material alteration of the legal relationship of the parties[.]"

6

Buckhannon, 532 U.S. at 604.  Consequently, Petitioner is a prevailing party.  See Aguilar v. Blanche, Case No. 1:25-cv-00996-KWR-KK, 2026 WL 1078966, at *2 (D.N.M. Apr. 21, 2026).

        **c.**        **Substantial justification**

Although Respondents never responded to the Petition and therefore never asserted a legal position in this case, they argue that the legal position they have asserted in the hundreds of other immigration habeas cases recently brought before this Court and others around the country—i.e., that Petitioner's detention was governed by 8 U.S.C. § 1225(b), and not § 1226(a)—was substantially justified.  Resp. at 2-4.

A position is substantially justified if it has a "reasonable basis both in law and fact[.]" Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also id. at 566 n.2.  "[T]he government must establish three components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged."  Harris v. R.R. Ret. Bd., 990 F.2d 519, 520-21 (10th Cir. 1993) (citing Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988)).  The government's position includes both the underlying governmental action (or failure to act) and its litigation position.  Al-Maleki, 558 F.3d at 1207; see also 28 U.S.C. § 2412(d)(2)(D).

To begin with, the Court cannot find that Respondents' legal position was substantially justified because they never asserted one.  They wholly failed to respond to the Petition—a fact they fail to acknowledge in their Response.  For this reason alone, the Court finds that Respondents failed to carry their burden of showing their legal position was substantially justified.

Furthermore, Respondents wholly failed to argue that there was a reasonable basis for the facts asserted—the Response fails to address Petitioner's factual allegations entirely.  See generally Resp. at 2-4.  It does not describe Respondents' justification for the change in agency practice—

7

i.e., subjecting to mandatory detention all noncitizens within the United States, as opposed to only those arriving at border crossing or port of entry; it does not argue that there was a reasonable basis for arresting Petitioner on January 6, 2026; and it does not justify the mandatory detention of Petitioner—who came to the United States legally on an M-1 Visa, timely filed an Application for Asylum (which remains pending), had been living peaceably in the U.S. for over a decade, and had complied with all immigration-related requirements—and how the facts reasonably supported its (unasserted) legal theory.  "Thus, by ignoring elements of the reasonableness test, the Government has not justified its position."  Aguilar, 2026 WL 1078966, at *3 (finding that the Government's position was not substantially justified where it failed to argue that the underlying facts and how the facts reasonably supported its legal theory were substantially justified).

For these reasons, the Court finds that Respondents failed to carry their burden of establishing that their position was substantially justified.  See id.

**d.      Special circumstances that would render a fee award unjust**

Finally, Respondents argue that "[t]here are additional circumstances that render an EAJA fee award unjust in the present case, including the unique predicament that such an award would place Respondents and that ultimately there has been no material change in the relationship between the parties."[1]  Resp. at 4.  Specifically, they argue that "Respondents['] actions at an agency level (i.e. the classification of Petitioner under 8 U.S.C. § 1225) are mandated by binding authority from the BIA[,]" i.e., the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  Id.  In Hurtado, the BIA held that all noncitizens residing in the United States are subject to the mandatory detention requirements of 8 U.S.C. § 1225(b),

---

[1]      The Court has already found that there has been a material change in the relationship between the Parties and therefore summarily rejects Respondents' argument that an absence of a material change in the relationship between the Parties presents a "special circumstance" weighing against a fee award.

and therefore are not entitled to a bond hearing. 29 I. & N. Dec. at 218. Respondents argue that "[t]o acknowledge the practical reality that Respondents are legally bound to follow <u>Hurtado</u>, while simultaneously penalizing Respondents for doing so, would place Respondents in an impossible position." Resp. at 4.

The Court rejects Respondents' argument for two reasons. First, the argument wholly fails to acknowledge that nothing required them to arrest Petitioner in the first place. Prior to January 6, 2026, Petitioner had been living peaceably in the United States for eleven years and complying with all immigration requirements. Pet. ¶ 4. Aside from minor civil parking violations and misdemeanor traffic infractions, Respondent has no criminal history. <u>Id.</u> ¶ 34. Had Respondents not arrested Petitioner, they would not have placed themselves in the "unique predicament" of not being able to provide him a bond hearing under <u>Hurtado</u>. This "predicament" is of Respondents' own making.

Second, the Court agrees with United States District Judge Kea Riggs in <u>Aguilar</u>: Respondents—and in particular, Acting Attorney General Todd Lyons—have the authority to right the wrong of <u>Hurtado</u>. As Judge Riggs explained:

> The Court rejects the Government's attempt to cast the individual respondents as anything less than the leaders of their respective agencies, departments, and institutions. The Attorney General has broad authority to review <u>de novo</u> BIA decisions, including <u>Hurtado</u>. <u>See</u> 8 C.F.R. § 1003.1(g), (h). Through this process, the Attorney General could overturn this BIA precedent. Thus, the Attorney General is the final arbiter of the immigration agency's interpretation of a statute, including the statutes dealing with detention. <u>Cf.</u> <u>Bamidele v. INS,</u> 99 F.3d 557, 563–64 (3d Cir. 1996) (noting that attorney general overruled prior BIA interpretation of immigration statute and that attorney general's interpretation became one adopted by INS). Therefore, the Government is not powerless to consider and overturn <u>Hurtado</u> until the Tenth Circuit or the Supreme Court weighs in.

<u>Aguilar</u>, 2026 WL 1078966, at *4. In other words, Respondents are only "bound" by <u>Hurtado</u> because they want to be. That is not a "special circumstance" that would render a fee award unjust.

9

For these reasons, the Court finds that there are no special circumstances that would make an EAJA fee award unjust in this case.  See id.; see also Garcia v. Wamsley, __ F. Supp. 3d __, 2026 WL 776151, at *7 (W.D. Wash. Mar. 19, 2026) (finding that there were no special circumstances that would make an EAJA fee award unjust in an immigration habeas case); Oscar C.M. v. Knight, No. 1:25-cv-01915-TLN-SCR, 2026 WL 743350, at *2 (E.D. Cal. Mar. 17, 2026) (same).

And because Respondents do not challenge the amount of fees requested by Petitioner, and because that amount is supported by record evidence, see ECF No. 10-2, 10-3, 10-4, the Court will award the full amount requested.  See Aguilar, 2026 WL 1078966, at *4.

## IV.  Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.  Petitioner Taras Makarenko's Motion for Attorneys' Fees Pursuant to the EAJA, ECF No. 10, is **GRANTED**; and

2.  Petitioner shall have and receive from Respondents the amount of $6,145.35, for which sum let execution issue.[2]

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[2]   The fees will be paid to Petitioner but delivered to Petitioner's attorneys.  See Astrue v. Ratliff, 560 U.S. 586, 595–98 (2010); Manning v. Astrue, 510 F.3d 1246, 1250–51 (10th Cir. 2007).